IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| RIYAN WILLIAMS,<br><br>*Plaintiff*,<br><br>v.<br><br>CAPITAL ONE BANK, N.A.,<br><br>*Defendant*. | Civil Action No.: _____ |

**NOTICE OF REMOVAL**

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

Pursuant 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Capital One Bank, N.A. ("Defendant" or "Capital One") hereby removes this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia, and states as follows for its Notice of Removal. Removal is proper because this Court has subject matter jurisdiction over this action under federal question jurisdiction and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367 respectively. Accordingly, Capital One removes this action to this Court and states as follows.

**I.     INTRODUCTION**

1. On December 5, 2023, *pro se* Plaintiff Riyan Williams ("Plaintiff") filed a Complaint against Defendant in the Superior Court of the District of Columbia ("State Court"), *styled Riyan Williams v. Capital One Bank, N.A.*, Case 2023 7360, seeking damages related to Plaintiff's now-closed credit card account under the Fair Credit Billing Act ("FCBA"), 15 U.S.C.

1

§ 1601 *et seq.*; Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.; D.C. Consumer Protection Procedures Act ("CPPA"), D.C. Code § 28-3901, *et seq.*; Article 3 of the Uniform Commercial Code ("UCC"), codified by D.C. § 28:3-101, *et seq.*; and breach of contract ("State Court Action"). A copy of the Complaint is attached hereto as **Exhibit A**.

2. Defendant's removal of this case is timely pursuant to 28 U.S.C. § 1446(b) as Plaintiff served Capital One on December 9, 2023.

## II.    GROUNDS FOR REMOVAL

3. This case is removable pursuant to 28 U.S.C. §§ 1331 and 1367.

4. The Complaint's specific causes of actions are buried throughout multiple paragraphs. For example, Plaintiff, who is *pro se*, alleges that Capital One "charged off the account and reported that charge off to Experian, Transunion, and Equifax, putting them in violation . . . . of [the FCRA]." (ECF 1-1 ¶ 46). Similarly, Plaintiff may be advancing a FCBA violation, when he alleges that he submitted written notices of billing errors, but Capital One did not respond. (ECF 1-1 ¶ 26, 44). Plaintiff alleges that Capital One committed a breach of contract and violated the UCC and CPPA when it dishonored several negotiable instruments, charged off the account, did not respond to billing notices, and reported the charged off account to the credit reporting agencies. (ECF 1-1 ¶ 60).

5. The Court has jurisdiction over the FCBA and FCRA causes of action pursuant to 28 U.S.C. § 1331 as this federal claim arises under this Court's original jurisdiction and is founded on a claim or right arising under the Constitution, treaties, or laws of the United States and is removable without regard to citizenship or residence of the parties.

6. The Court likewise has supplemental jurisdiction over the causes of action for multiple violations of the CPPA, multiple violations of the UCC, and breach of contract pursuant

to 28 U.S.C. § 1367.  Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." "When a federal court has an independent basis for exercising federal jurisdiction, it may . . . also exercise supplemental jurisdiction over related claims under state law." *Lopez v. Council on American-Islamic Relations Action Network Inc.*, 657 F.Supp.2d 104, 115 (D.D.C. 2009). Here, the state claims for breach of contract and violations of the CPPA and UCC form part of the same case or controversy as the federal FCBA and FCRA claim that are subject to federal question jurisdiction.  For example, Plaintiff alleges that Defendant violated the FCBA, FCRA, UCC, and CPPA, as well as committed a breach of contract, when dishonored several negotiable instruments, failed to respond to billing error notices, and charged off the credit card account at issue, and reported the charged off account to the third parties despite notice of a billing error.  (ECF 1-1.)  All of the claims at issue in the Complaint arise from the same conduct.

7.       Accordingly, the Court has federal question jurisdiction over the FCBA and FCRA claims and pursuant to 28 U.S.C. § 1331, and it has supplemental jurisdiction over the multiple violations of the CPPA, multiple violations of the UCC, and breach of contract claims under 28 U.S.C. § 1367.   Removal is proper.

### III.     VENUE

8.       Venue is proper in this Court because this District encompasses the State Court, which is the forum from which the case has been removed.  *See* 28 U.S.C. § 1441.

### IV.     NOTICE

9.       Pursuant to 28 U.S.C. § 1446(d), and concurrent with filing this Notice of Removal,

Defendant will file a Notice of Filing Notice of Removal with the Clerk of the State Court and will attach a copy of this Notice of Removal thereto. A copy of the Notice of Filing Notice of Removal (without its exhibits) is attached hereto as **Exhibit B**.

10. Upon information and belief, the contents of Exhibits A-B constitute copies of all process and pleadings served upon the defendant in the State Court Action pursuant to 28 U.S.C. § 1446(a).

11. Defendant reserves the right to amend this Notice of Removal.

12. By removing the case to this Court, Defendant does not waive any defenses, objections, or motions available to them under the applicable law.

WHEREFORE, having met all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all the jurisdictional requirements of 28 U.S.C. §§ 1331 and 1367, Defendant Capital One Bank, N.A. hereby removes this action from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia and seeks whatever further relief this Court deems equitable and just.

Date: December 29, 2023                     **CAPITAL ONE BANK, N.A.**

/s/ *Elizabeth M. Briones*
Elizabeth M. Briones, D.C. No. 888324983
TROUTMAN PEPPER HAMILTON SANDERS LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Tel: 202-274-2937
Fax: 703-448-6510
Email: elizabeth.briones@troutman.com
*Counsel for Defendant Capital One Bank, N.A.*

**CERTIFICATE OF SERVICE**

I certify that on the 29th day of December, 2023, a true and correct copy of the foregoing was sent via ECF and Federal Express to the following:

Riyan Williams
3901 17t Street NW
Washington, DC 20018
*Pro Se Plaintiff*

/s/ *Elizabeth M. Briones*
Elizabeth M. Briones, D.C. No. 888324983
Troutman Pepper Hamilton Sanders LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Tel: 202-274-2937
Fax: 703-448-6510
Email: elizabeth.briones@troutman.com
*Counsel for Defendant Capital One Bank, N.A.*